Jan Satterfield Butler County Attorney 201 W. Pine, Suite 104 El Dorado, Kansas 67042
Dear Ms. Satterfield:
You inquire whether township board members can receive compensation for services provided to the township. Specifically, you indicate that there are concerns about members providing mowing and general labor services on township roads and other township property. While former Attorney General Carla J. Stovall opined on this subject in 1995,[1] the laws mentioned in that opinion have since been amended, and, therefore, its value is limited.
We also note that the propriety of a township board or board member's action will depend upon the specific facts of each situation, and, therefore, we offer this opinion only for general guidance.
The governing body of a township is comprised of a township trustee, clerk, and treasurer.[2] These officers are entitled to "receive compensation for their services while actually and necessarily conducting township business."[3] In the absence of a statutory definition of "township business," or an appellate court decision limiting its scope, the governing body has discretion in determining the parameters of "township business" for which its members will be compensated. Presumably, "township business" would include the statutory duties of a township board and its individual members.[4]
K.S.A. 80-207 establishes the procedure for compensating township board members where the total amount of annual compensation per member exceeds $100:
 "(c) The township board, by adoption of a resolution, may fix the amount of compensation to be received by members of the board. Such resolution shall be published at least once each week for two consecutive weeks in a newspaper of general circulation within the township. If the total amount of compensation to be received annually by each member of the board is $100 or less, such resolution shall not be required to be published and shall be effective upon adoption of the resolution. A resolution providing for an increase in compensation shall not be effective until 30 days following the date of the last publication of the resolution."[5]
In addition to board members being compensated for "township business," there are a variety of statutes that authorize board members to perform specific compensated services for the township. The following is a brief list:
1. A township board, serving as a board of highway commissioners,[6]
"may employ one or more . . . [board] members to perform work and labor on the township roads . . . and bridges."[7]
2. A township board may appoint one of its members to serve as the road overseer who is responsible for the "construction and maintenance of all township roads, bridges, and culverts, under the supervision of the township board and the county engineer."[8]
3. A township board serves as an auditing board, which examines and audits all claims against the township for which the member can receive compensation for "attending to the township business."[9]
4. Township board members can receive compensation for their services "in the supervision of the operation" of the township water system,[10]
as members of the governing body of a township fire district,[11] and for services as members of the governing body of a township sewage district.[12]
Clearly, township board members can be compensated for providing services to the township provided the services fall within the parameters of "township business" or are identified in the statutes. We also note that state law contemplates the employment of township officers by virtue of K.S.A. 2003 Supp. 80-208 which provides, as follows:
 "A township officer who also is an employee of the township shall abstain from voting for or participating in any motion of the township board to increase the compensation, salary, or benefits to be paid to such person as an employee of the township."[13]
However, while a township board may be authorized to appoint or employ one of its members to perform services for the township,[14] its members must comply with all state governmental ethics laws, including K.S.A. 75-4304 and 75-4305. K.S.A. 75-4304 prohibits a local governmental officer or employee from making or participating in a contract in which the officer or employee has a "substantial interest."[15] K.S.A. 75-4305
requires a local governmental officer or employee to file a statement of substantial interests with the county election officer before "acting upon any matter which will affect any business in which the officer or employee has a substantial interest."[16] Therefore, depending upon the facts, the member being considered for appointment or employment should avoid participating, as a board member, in the making of any contract for that purpose, and abstain from taking any action in regard to the matter.[17]
You also query whether a board member can take "unilateral action" to perform a compensated service. This issue was addressed in Attorney General Opinion No. 81-141, which concluded that where a statute requires action by a township board, such action can be taken only by the board — not individual members.[18] Moreover, to the extent there is conflicting statutory language dealing with duties delegated to a township officer and also to the township board, the more recent statute controls.[19] The better practice may be for the township board to take formal action appointing the individual to perform the service and establishing the compensation.[20]
Finally, you inquire regarding the legal propriety of a township board member hiring a relative to perform compensated services for the township. There are no statutes prohibiting nepotism in this instance. As indicated previously, however, the better practice may be for the township board to appoint or employ individuals to perform services for the township.
Additionally, the governmental ethics laws should be consulted in determining whether a township board member is precluded from participating in a contract, as a board member, or acting on any matter involving the board member or the board member's relatives.
Sincerely,
 PHILL KLINE Attorney General of Kansas
 Mary Feighny Assistant Attorney General
PK:JLM:MF:jm
[1] Attorney General Opinion No. 95-113.
[2] K.S.A. 80-202.
[3] K.S.A. 80-207.
[4] K.S.A. 80-301 (duties of township trustee include providing for "the care and management of all property, real and personal"); K.S.A.80-401 (duties of township treasurer); K.S.A. 80-501 (duties of township clerk). See K.S.A. 2003 Supp. 68-526 ("[i]n all counties not operating under the county road unit system the township board shall have the general charge and supervision of all township roads and township culverts in their respective townships); K.S.A. 80-1201 ("[t]he township board . . . is hereby authorized to purchase material and employ one or more suitable persons to destroy prairie dogs, moles, and gophers . . .").
[5] Emphasis added.
[6] K.S.A. 68-525.
[7] Id.
[8] K.S.A. 68-530.
[9] K.S.A. 80-302.
[10] K.S.A. 80-1407.
[11] K.S.A. 80-1544.
[12] K.S.A. 80-2002.
[13] Emphasis added. The common law doctrine of incompatibility of office, which precludes a member of a governing body from being employed by that body when the positions are "incompatible," does not apply when the doctrine is abrogated by statute. Attorney General Opinion No.98-46.
[14] K.S.A. 68-525; 68-530.
[15] K.S.A. 75-4301a.
[16] Questions regarding the interpretation of the governmental ethics statutes as they relate to specific situations should be referred to the Governmental Ethics Commission. See K.S.A. 2003 Supp. 75-4303a.
[17] K.S.A. 75-4304 and 75-4305.
[18] See Attorney General Opinion No. 86-47.
[19] Attorney General Opinion No. 81-141.
[20] Attorney General Opinion No. 81-141. This practice would facilitate the filing of statutory reports required of the trustee and the treasurer. [E.g. K.S.A. 80-304 ("[t]he township trustee . . . shall make a complete report of the affairs of the township . . . [to the county commission] stating in detail the items of account audited and allowed, the nature of each account, and the name of each person to whom such an account was allowed. Such report shall specify the amount of compensation . . . paid to members of the township board"); K.S.A. 80-406
("[t]he township trustee shall make a verified statement of all bills allowed by the township board for each year . . . stating particularly the person or persons to whom and the objects for which such bills were drawn. . . "); K.S.A. 80-410(c) ("[t]he treasurer of the township shall file with the county clerk a full and detailed statement of the amount of money paid to each member of the township board . . . during the preceding calendar year . . .").